Jeffrey Charles McINNIS, Administrator of the Estate of Lori Smith McInnis, Plaintiff,

v.

PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY; Fruit of the Loom, Inc.; and Martin Mills, Inc., Defendants.

Civ. No. 3:92CV00211.

United States District Court, M.D. North Carolina, Rockingham Division.

July 2, 1993.

Donald T. Bogan, Stern Graham & Klepfer, Greensboro, NC, W. Reece Saunders, Jr., William R. Webb, Jr., Webb, Lee, Gibson, Webb & Saunders, Rockingham, NC, for plaintiff.

D. Blaine Sanders, David Marshall Schilli, Robinson, Bradshaw & Hinson, P.A., Charlotte, NC, for defendants.

## MEMORANDUM OPINION

BULLOCK, District Judge.

This case is before the court on Defendants' motion for summary judgment, filed October 13, 1992, and Plaintiff's oral cross motion for summary judgment, made in open court on June 17, 1993. The parties agree that there is no genuine issue of material fact and each claims that it is entitled to judgment as a matter of law.

On February 26, 1990, Lori Smith McInnis, an employee of Martin Mills, Inc., was involved in a motor vehicle collision which ultimately resulted in her death on March 12, 1990. Plaintiff is the duly-qualified administrator of the estate of Lori Smith McInnis. As an employee of Martin Mills, McInnis was a participant in a group employee benefits policy which included a medical benefits program. Defendant Provident Life and Accident Insurance Company issued the plan. Fruit of the Loom is the plan's sponsor, administrator and claims fiduciary. The plan is a qualified employee benefits plan under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* The plan is entirely self-funded. Employees make no contribution for their own coverage. The Plaintiff requested that Fruit of the Loom pay him $58,120.89 for the medical expenses incurred by McInnis before her death. Fruit of the Loom refused to make the payment because the Plaintiff would not sign an agreement to repay Provident from any judgment or settlement received from

third parties pursuant to a provision of the plan entitled "Acts of Third Parties," which reads as follows:

A special provision applies when you or a Dependent covered under the Plan is injured through the act or omission of another person. When this happens, the Provident will advance the benefits under the Plan only on condition that you or a Dependent agrees in writing:

To repay the Provident in full any sums advanced to cover such expenses from the judgment or settlement you or a Dependent receives; and

To provide the Provident with a lien to repay the Provident to the extent of medical benefits advanced by the Provident. The lien may be filed with the person whose act caused the injuries, his agent, the court or attorney of the person covered under the Plan.

The Plaintiff subsequently received on behalf of the estate $200,000.00 in settlement of a potential wrongful death action against the driver of an automobile which struck the automobile driven by McInnis.

Plaintiff has instituted this action in state court seeking a declaratory judgment that McInnis is insured under the plan and that the Plaintiff is entitled under the plan to recover medical benefits totaling $58,120.89. Defendants removed to this court alleging diversity of citizenship under 28 U.S.C. §§ 1332 and 1441, and that it is a civil action arising under the laws of the United States, 29 U.S.C. § 1001 et seq. (ERISA).

■ The Defendants assert that by refusing to execute the written agreement required under the terms of the "Acts of Third Parties" provision of the plan the Plaintiff failed to satisfy a condition precedent to the requested advance of medical benefits. Plaintiff contends that he could not sign the agreement because under North Carolina law when a minor is a beneficiary of the estate in a wrongful death action any settlement of the wrongful death claim and any distribution of the settlement funds must be approved by a judge. Lori Smith McInnis's minor son is a beneficiary of her estate.

Plaintiff's claim is in effect a challenge to the denial of benefits under the Plan and is governed by 29 U.S.C. § 1132(a)(1)(B). The United States Supreme Court has held that a "denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S.Ct. 948, 956–57, 103 L.Ed.2d 80 (1989). The court will consider the denial of benefits de novo.

■ The court finds that the Plaintiff is not entitled to recover medical benefits under the plan. The plan makes it clear that any benefits paid for injuries caused by the act or omission of another person are only in the nature of an advance until such time as the participant has recovered, or sought to recover, from the third party. Here the Plaintiff recovered from a third party and no advance was made. This case presents factual and legal issues distinguishable from those before the court in Liberty Corp. v. NCNB Nat'l Bank of South Carolina, 984 F.2d 1383 (4th Cir.1993), and Provident Life & Accident Ins. Co. v. Waller, 906 F.2d 985 (4th Cir. 1990). The plan's provision for an advance is clearly to tide a participant over until recovery is had from the tortfeasor. Plaintiff did not receive this advance because of his failure to execute the required agreement. Plaintiff is entitled to benefits only under the circumstances set out in the plan documents.

■ ERISA supersedes any state laws which relate to any employee benefit plan. 29 U.S.C. § 1144(a). The Plaintiff cannot rely on North Carolina law to excuse his failure to satisfy the plan's condition precedent. Furthermore, as Defendants point out, even if ERISA preemption does not apply, North Carolina law provides for the appointment of a guardian ad litem to protect the interests of a minor child, and Plaintiff could have sought the appointment of a guardian and thereafter an order allowing the execution of the agreement. Defendants' motion for summary judgment will be granted.

An order and judgment in accordance with this memorandum opinion shall be entered contemporaneously herewith.

### ORDER AND JUDGMENT

For the reasons set forth in the Memorandum Opinion filed contemporaneously herewith,

IT IS ORDERED that Plaintiff's motion for summary judgment is **DENIED.**

IT IS ORDERED AND ADJUDGED that Defendants' motion for summary judgment is **GRANTED,** and this action is hereby **DISMISSED** with prejudice.